NATIONAL TIRE OF HAWAII, LTD., a Hawaii
corporation, Employer-Appellant, *v.* KENNETH C.
KAUFFMAN, Claimant-Respondent, Appellee, et al.

NO. 5896

AUGUST 9, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY KOBAYASHI, J.

This appeal, brought by National Tire of Hawaii, Ltd.
(hereinafter "employer" or "appellant"), is from the judg-
ment of the circuit court affirming a decision of the Depart-
ment of Labor and Industrial Relations, Unemployment In-
surance Division (hereinafter "Department"), which held
that Kenneth C. Kauffman (hereinafter "claimant") was not
disqualified from receiving unemployment benefits. Em-
ployer is also appealing from an Order Denying Motion for
Alteration or Amendment of Judgment. The director of the
Department is a party to this case pursuant to HRS § 383-41.
We affirm.

### ISSUE

Although appellant raises several points of error, the fol-
lowing issue is determinative of the case:

Whether there was substantial evidence in the record to sustain the finding that employer did not make a bona fide offer of work to claimant.

### RELEVANT STATUTE

HRS § 383-30[1] provides in relevant part:

§383-30 *Disqualification for benefits*. An individual shall be disqualified for benefits:

(1) Voluntary separation. For any week in which he has left his work voluntarily without good cause and for not less than two or more than seven consecutive weeks of unemployment which immediately follow such week, as determined according to the circumstances in each case.

. . . .

(3) Failure to apply for work, etc. If he has failed, without good cause, either to apply for available, suitable work when so directed by the employment office or any duly authorized representative of the department of labor and industrial relations, or to accept suitable work when offered him. Such ineligibility shall continue for the week in which the failure occurred and for not less than two or more than seven consecutive weeks of unemployment which immediately follow such week, as determined according to the circumstances in each case.

(A) In determining whether or not any work is suitable for an individual there shall be considered among other factors and in addition to those enumerated in paragraph (3)(B) of this section the degree of risk involved to his health, safety, and morals, his physical fitness and prior training, his experience and prior earnings, the length of his unemployment, his prospects for obtaining work in his customary occupation, the distance of available work from his residence and prospects for obtaining local work. The same factors so far as applicable shall be considered in determining the existence of good cause for an individual's voluntarily leaving his work under paragraph (1) of this section.

. . . .

---

[1] HRS § 383-30 was amended by Act 157, Section 2, S.L.H. 1976.

## STATEMENT OF THE CASE

Claimant was employed at appellant's place of business from July, 1970 until July 1973, at which time he resigned from his position as sales manager by letter dated July 2, 1973, stating in part:

> I no longer am willing to accept the mental and physical conditions of employment that are required by this company. I also feel that the company has not been completely satisfied with my performance in the past few months; and so for the best interest of all concerned I give my resignation.

Immediately thereafter, claimant applied for unemployment compensation with the Department. The employer submitted a Wage and Separation Report dated July 10, 1973, indicating that claimant had terminated his employment with appellant for personal reasons and further noted: "While in our employ, Ken Kauffman did a good job. If requested, we would rehire."

In its Notice of Decision on Unemployment Insurance Claim dated July 26, 1973, a claims examiner of the Department found that the claimant "quit for personal reasons without good cause" and was, therefore, not entitled to benefits for five weeks beginning June 24, 1973, and ending July 28, 1973, pursuant to HRS § 383-30(1). The examiner also noted therein that benefits paid to the claimant would not be charged to the employer's reserve account. HRS § 383-65(b)(1).

On August 6, 1973, claimant filed an appeal of the examiner's decision of July 26, 1973, with Frank Perkins, Unemployment Compensation Appeals Referee of the Department. Appellant submitted a letter dated August 15, 1973, furnishing additional information to assist the Referee in his decision. A hearing was held by the Referee on August 22, 1973. By decision dated September 5, 1973, the Referee affirmed the examiner's determination of July 26, 1973 stating, *inter alia:*

*REASONS FOR DECISION:*

Section 383-30(1) of the Hawaii Employment Security Law provides that an individual shall be disqualified for benefits if he leaves work voluntarily without good cause.

Section 383-30(3)(A) provides that in determining the existence of good cause for an individual voluntarily leaving his work, such factors as the degree of risk involved to his health, safety and morals, his physical fitness and prior training, his experience and prior earnings, the length of his unemployment, his prospects for obtaining work in his customary occupation, the distance of available work from his residence and prospects for obtaining local work, so far as applicable shall be considered.

The test of "good cause" is generally what an ordinary, normal worker anxious to keep his job would have done under similar circumstances.

The evidence clearly shows that the employer was demanding of his employees and was also fair as well. The evidence does not indicate that the employer's demands were unreasonable.

. . . .

The evidence does not indicate that continued employment was a risk to claimant's health.

The Referee finds based on the evidence presented that the claimant left work voluntarily without good cause.

Judicial review was not taken from the Referee's decision.

After the disqualification period had elapsed, claimant became entitled to and received unemployment benefits.

By letter dated October 11, 1973, appellant notified the Department that work was and had "always been available" to claimant and that any benefits received by claimant should be returned to the State. A copy of this letter was also sent to claimant so that he would be "fully aware of [employer's] work offer."

Thereafter, on November 13, 1973, a claims examiner of the Department rendered a decision finding that claimant was not disqualified from receiving unemployment benefits pursuant to HRS § 383-30(3). The examiner's determination stated:

You received a letter from Lex Brodie's Tire Co. (National Tire of Hawaii, Ltd.) indicating an offer of work for a position as tire changer or alignment work at $3.50 and $4.00 an hour. You are coded for sales work, although you have done this type of work before. You do not wish to go

back to this company as you state you do not like the strict dress standards. Employer confirms that the company dress standards are strict.

It is determined that the job offer was unsuitable for you.

By letter dated November 26, 1973, appellant requested that the examiner's decision of November 13, 1973, be reviewed. Appellant objected to the examiner's finding that appellant's letter of October 11, 1973, contained an offer of work to the claimant. Appellant also denied any confirmation on its part that company dress standards were strict.

A hearing was scheduled for January 4, 1974, before an Unemployment Compensation Appeals Referee pursuant to HRS § 383-38 (Supp. 1975).[2] At the hearing, appellant was represented by counsel and an employee of appellant. The Referee identified the issue of the hearing stating, *inter alia:*

---

[2] HRS § 383-38 (Supp. 1975) reads:

§383-38*Appeals, filing, and hearing.* The claimant or any other party entitled to notice of a determination or redetermination as herein provided may file an appeal from the determination or redetermination at the office of the department of labor and industrial relations in the county in which the claimant resides or in the county in which the claimant was last employed, within ten days after the date of mailing of the notice to his last known address, or if the notice is not mailed, within ten days after the date of delivery of the notice to him. The appeal shall be heard in the county in which the appeal is filed, provided that the department may by its regulations provide for the holding of a hearing in another county with the consent of all parties or where necessary in order that a fair and impartial hearing may be had, and may provide for the taking of depositions. Unless the appeal is withdrawn with the permission of the referee, the referee after affording the parties reasonable opportunity for a fair hearing shall make findings and conclusions and on the basis thereof affirm, modify, or reverse such determination or redetermination. The parties to any appeal shall be promptly notified of the decision of the referee and shall be furnished with a copy of the decision and the findings and conclusions in support thereof and the decisions shall be final and shall be binding upon each party unless a proceeding for judicial review is initiated by the party pursuant to section 383-41; provided that, within the time provided for taking an appeal and prior to the filing of a notice of appeal, the referee may reopen the matter, upon the application of the director of labor and industrial relations or any other party, or upon his own motion, and thereupon may take further evidence or may modify or reverse his decision, findings or conclusions. If the matter is reopened, the referee shall render a further decision in the matter either reaffirming or modifying or reversing his original decision, and notice shall be given thereof in the manner hereinbefore provided. Upon reopening, the referee who heard the original appeal shall reconsider the matter, except where he is no longer employed as a referee or he disqualifies himself from reconsidering his decision. The time to initiate judicial review shall run from the notice of such further decision, if the matter has been reopened.

. . . the hearing arises from an appeal of a department determination which was mailed on November 15, 1973, which determined that the claimant Kenneth C. Kauffman refused a job offer by National Tire of Hawaii, Ltd., that the job offer was unsuitable.

Appellant presented testimony addressed basically to three points:

(1) That claimant quit his job "solely for personal reasons."

(2) That appellant's dress standards are not strict.

(3) The appellant's letter dated October 11, 1973, did not contain an offer of work to claimant.[3]

In a decision dated January 15, 1974, the Referee reversed the Department's prior determination that employer had offered claimant a job, stating, *inter alia:*

Section 383-30(3) of the Hawaii Employment Security Law provides that an individual shall be disqualified for benefits if he has failed, without good cause, to apply for available, suitable work when so directed by the employment office or any duly authorized representative of the department of labor and industrial relations, or to accept suitable work when offered to him.

. . . .

The Referee finds based on the evidence presented in this case that the employer's letter of October 11, 1973, was not a bona fide offer of work to the claimant. Therefore, there is no need to determine suitability or good cause. . . .

---

[3] At the hearing it was stated:

[Appellant's counsel]:

[Q.] . . . In the decision the claims examiner, Mrs. Morgan, indicates to Mr. Kauffman that he received a letter from Lex Brodie's indicating an offer of work for a position as tire changer or alignment worker at $3.50 and $4.00 an hour. Is that correct?

[Appellant's employee]:

A. No, Mr. Kauffman did not receive a letter directed to him that there was such an opening available. The letter was sent to Mrs. Kanada of the state, informing her that because work was available at our company we did not feel that Mr. Kauffman was entitled to receive any unemployment compensation. There was qualified work available that he had performed earlier.

The Referee further determined that "claimant" continues to be eligible for benefits and there is no change in the relief of the employer's reserve account from benefit charges."

Thereafter, on February 13, 1974, appellant applied for a reopening[4] of the decision of the Referee made on January 15, 1974, and requested the Referee to reconsider the issues in such appeal and his decision thereon. Appellant attached an affidavit of its principal officer, Lex Brodie, to its application for reopening wherein it was stated that Brodie, by telephone calls on November 5, 1973, had informed both the Department and claimant that suitable work was available, *i.e*, an alignment position, as well as a tire changing position; that claimant failed without good cause to apply for the same; and, therefore, all benefits paid to claimant should be refunded to the State.

The Referee denied appellant's application for reopening and by letter dated February 26, 1974, stated:

> The issue raised was whether claimant should be disqualified for benefits under Section 383-30(3), HRS, for failure, without good cause, to accept suitable work when offered to him.

> Your request for reopening on the subissues of suitability and good cause is denied because your pleadings of November 26, 1973, and the oral testimony of the employer's witness clearly indicate that the employer's letter of October 11, 1973, was not an offer of work. Thus, where there is no offer of work, the subissues of suitability and good cause are immaterial.

An appeal was taken to the circuit court from the Referee's decisions of January 15, 1974, and February 26, 1974. Each party submitted his respective statement of issues and supporting memorandum. Oral arguments were heard by the circuit court, and on January 15, 1975, a written decision affirming the Referee's decisions was rendered. Appellant then filed a Motion for Alteration or Amendment of Judgment which was denied.

---

[4] HRS § 383-38 (Supp. 1975), *supra,* fn. 2.

It is from the circuit court's judgment and denial of the Motion for Alteration or Amendment of Judgment that this appeal is brought.

OPINION

It is not questioned here that the claimant left work voluntarily without good cause. Under the circumstances of the case, the Department disqualified claimant from receiving unemployment benefits for a five (5) week period pursuant to HRS § 383-30(1), which states, *inter alia:*

> An individual shall be disqualified for benefits: (1) . . . [f]or any week in which he has left work voluntarily without good cause and for not less than two or more than seven consecutive weeks of unemployment which immediately follow such week, as determined according to the circumstances in each case.

The Department, however, determined that the claimant would be eligible for benefits after such disqualifying period.

The employer, thereafter, sought to disqualify the claimant from receiving unemployment benefits under HRS § 383-30(3). "Where disqualification is claimed, the employer has the burden of proving the requisite facts to bring the employee within the statutory deprivation of benefits." *Adelsman v. Northwest Airlines, Inc.*, 267 Minn. 116, 123, 125 N.W.2d 444, 449 (1963).

HRS § 383-30(3) sets forth one of the disqualifying provisions of a claimant for unemployment benefits. It provides in pertinent part:

> An individual shall be disqualified for benefits:
>
> . . . .
>
> (3) . . . [i]f he has failed, without good cause, either to apply for available, suitable work when so directed by the employment office or any duly authorized representative of the department of labor and industrial relations, or *to accept suitable work when offered him.* . . . (Emphasis added.)

We construe this provision to require a specific and bona fide offer of employment to be tendered to a prospective employee before it can be concluded that there has been a failure by the employee to "accept suitable work when offered him." *See*

*Kartridg-Pak Co., Inc. v. Johnston,* 28 Ill.2d 616, 192 N.E.2d 867 (1963).

Appellant argues that although the letter of October 11, 1973, did not contain a specific job offer to the claimant,

> there certainly was no intention to create the impression that Appellant was of the position that no offer of work had ever been made. To the contrary, Appellant had, in fact, communicated offers of work to both the Department and Claimant, and this is supported by the Department's own records and the Affidavit of Lex Brodie dated February 13, 1974.

A review of the Department's Certified Record on Appeal indicates that at the hearing on January 4, 1974, where the issue was whether, under HRS § 383-30(3), claimant should be disqualified for benefits for failure without good cause to accept suitable work when offered him, appellant neither presented evidence nor argued that an offer of work had been made to the claimant.[5] To the contrary, the only evidence presented as to this issue was testimony to the effect that the letter of October 11, 1973, did not contain an offer of work.

Appellant now contends that "from the onset there was a standing invitation to Claimant to reapply for work." Appellant cites in support of his contention the statement on the Wages and Separation Report wherein appellant states: "While in our employ, Ken Kauffman did a good job. If requested, we would rehire." Appellant further cites his letter of October 11, 1973, wherein it is stated that "work is still available to Mr. Kauffman." Further, appellant relies on the Department's records of November 5, 1973, wherein there are indications that appellant had informed both the

---

[5] See Statement of the case. In this regard, at the onset of the hearing, appellant's counsel stated to the Referee:

The second point that we want to raise is that the reason set forth in the state's decision which is dated November 13, 1973, signed by L. Morgan, the claims examiner, to wit that Mr. Kauffman does not wish to go back to the company because of the strict dress standards is refutable and we will refute it today and also the fact that he indicates an offer of work at a specific position as tire changer for a specific sum is also refutable because I don't think that the offer had been made directly to him. But that's a minor point. The major point we want to raise concerns the strict dress standards. . . .

Department and claimant that suitable work was available. Department records of November 5, 1973, also included a Summary of Fact Finding Interview signed by claimant wherein claimant states that he "was never offered any work by Mr. Brodie" and that "if they wanted me, they haven't called me yet." The Summary of Fact Finding Interview also indicates that claimant had made contacts with nine other places of possible employment. The circuit court adopted the Department's determination on this finding of fact. Appellant contends that "[t]here is no indication as to whether Claimant actually applied to any of these companies for a particular position, nor is any reason given for not obtaining a job with them." Appellant did not introduce any evidence to support this contention. Findings of fact by the Department if supported by substantial evidence are conclusive. *See Universal Camera Corp. v. National Labor Relations Board,* 340 U.S. 474 (1951). Upon a review of the record, we cannot say that the above findings are "[c]learly erroneous, in view of the reliable, probative, and substantial evidence on the whole record . . . ." HRS § 91-14(g)(5).

As the Referee indicated, the threshold question was whether appellant had offered work to the claimant. It is clear that appellant failed to meet his burden of proof in attempting to disqualify claimant. Thus, it became unnecessary to decide the subissues of whether the claimant had refused an offer of work, whether there was good cause for refusing, and whether the work offered was suitable. Although the evidence on the question of an offer of work was conflicting, a finding of fact by the Department on this issue is binding on appeal under the rules applicable to review of agency determinations. *See Rapp v. Industrial Commission of Missouri,* 360 S.W.2d 366, 368 (Mo. App. 1962); *see also* HRS § 91-14(g).

Appellant further contends that the circuit court "erred in its refusal to address itself to the question of whether an offer of work had been made by Appellant to Claimant."

The circuit court in its decision dated January 15, 1975, ruled that the

> employer is estopped from raising this issue because a party may not argue one side of an issue at the hearing and then take the opposite side of that same issue on appeal,

especially where its position was sustained in the decision under appeal.

From our examination of the record here presented, we cannot say that the findings and determinations of the circuit court are clearly erroneous within the meaning of HRS § 91-14(g).

The fact that the circuit court may have based its conclusions upon grounds other than that of the Department is not fatal to this appeal. "[W]e have repeatedly held that where the trial court has reached a correct conclusion, its decision will not be disturbed on the ground that the reasons it gave for its action were erroneous." *Federal Electric Corp. v. Fasi*, 56 Haw. 57, 64, 527 P.2d 1284, 1289-90 (1974).

Judgment affirmed.

*W. Patrick O'Connor (Barlow & O'Connor)* for employer-appellant.

*Philip S. Uesato*, Deputy Attorney General *(Frank Yap, Jr.*, Deputy Attorney General, on the brief) for respondent-appellee.